## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

AUDREY RAGSDALE,

     Plaintiff,

v.

                                                  Case No. 2: 24-cv-02237-MSN-atc
                                                  JURY DEMAND

METHODIST LE BONHEUR
HEALTHCARE,

     Defendant.

---

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

---

Before the Court is Defendant Methodist Le Bonheur Healthcare's Motion to Dismiss Plaintiff Audrey Ragsdale's Complaint (ECF No. 13, "Motion") under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's Motion is **DENIED**.

### BACKGROUND

According to Plaintiff, she was employed by Defendant from 2014 until her termination on December 1, 2021. (ECF No. 1 at PageID 5–7.) According to the Complaint, she works as a Medical Technologist I at Methodist North Hospital, where her role allegedly required her to work in the laboratory testing patient specimens, with no direct interaction with patients. (*Id.* at PageID 1.)

The Complaint states that Defendant implemented a policy requiring all employees to be fully vaccinated against COVID-19 by October 31, 2021. (*Id.* at PageID 3.) Plaintiff claims she sought a religious exemption from the vaccine requirement, requesting to wear a non-fitted surgical mask, continue social distancing, and be exempt from COVID-19 testing. (ECF No. 1-4

at PageID 20.)  In her exemption request, Plaintiff allegedly stated that her religious beliefs required her to "decline all attempts to access, influence and/or otherwise alter any and all of my God-given biological material and/or biological systems." (*Id*.)  She further cited "1 Corinthians 3:16-17 & 6:19-20" and described herself as a "Temple of the Holy Spirit." (ECF No. 1-4 at PageID 20.)  Plaintiff specifically objected to COVID-19 testing "as invasive medical procedure" that would violate her religious beliefs.  (ECF No. 1 at PageID 4.)

According to the Complaint, Defendant responded to Plaintiff's exemption request by granting an exemption with alternative conditions:  a respirator mask, weekly COVID-19 testing, and social distancing.  (*Id*. at PageID 4.)  Plaintiff alleges she objected to these conditions as violating her religious beliefs, particularly the testing requirement which she viewed as an invasive medical procedure.  (*Id*. at PageID 4–6.)  Plaintiff claims that when she refused to comply with these conditions, Defendant terminated her employment.  (*Id*. at PageID 6–7.)

### STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts the plaintiff's "plausible factual allegations as true and draw[s] all reasonable inferences"in the plaintiff's favor. *Marchek v. United Servs. Auto. Ass'n*, 118 F.4th 830, 833 (6th Cir. 2024); *Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020).  Using this framework, the court determines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  A complaint need not contain detailed factual allegations; however, a plaintiff's

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "a plaintiff must allege facts that, when taken as true, state a claim to relief that is plausible on its face and that rises above the speculative level." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 410 (6th Cir. 2024) (cleaned up). If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. *Iqbal*, 556 U.S. at 679.

A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. L.L.C. v. BellSouth Telcoms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

## DISCUSSION

Title VII prohibits employers from discriminating against employees based on religion, providing that "it shall be an unlawful employment practice for an employer… to discharge any individual… because of such individual's religion." 42 U.S.C. § 2000e-2(a). The statute defines religion broadly to include "all aspects of religious observance and practice, as well as belief"

unless an employer demonstrates an inability to reasonably accommodate without undue hardship. *Id.* § 2000e(j).

Defendant raises two primary arguments for dismissal:  (1) Plaintiff received a religious exemption, and (2) her religious beliefs were not sincerely held.  Both arguments are premature at this stage of litigation.

**A.      <u>Religious Exemption and Accommodation</u>**

The Supreme Court established the evidentiary framework for Title VII claims in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). However, the Sixth Circuit has recently clarified that plaintiffs need not establish a prima facie case at the pleading stage.  *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024).  A Title VII plaintiff must merely "plausibly allege that [she was] denied a religious accommodation and treated differently because of [her] religion."  *Id.*  This is because the prima facie case is an evidentiary standard, not a pleading requirement.  *Id.* (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)).

The Court finds that Plaintiff's allegations sufficiently state a plausible claim.  While Defendant granted an exemption, the reasonableness of the alternative accommodations and whether they effectively nullified the exemption are factual questions inappropriate for resolution on a motion to dismiss.  *See Crider v. Univ. of Tenn.*, 492 F. App'x 609, 612 (6th Cir. 2012) ("[W]hether an accommodation is reasonable is determined on a case-by-case basis and is generally a question of fact for a jury.").  Plaintiff alleges that Defendant's imposed testing requirements substantially burdened her religious practice by requiring invasive nasal swabs against her beliefs, while alternative testing methods were available.

4

B.    **Sincerity of Religious Beliefs**

The sincerity of Plaintiff's religious belief is not appropriately resolved at the motion to

dismiss stage.  As the Sixth Circuit recently emphasized, "courts must not presume to determine

the place of a particular belief in a religion or plausibility of a religious claim."  *Lucky v. Landmark*

*Med. of Mich., P.C.*, 103 F.4th 1241, 1244 (6th Cir. 2024) (quoting *Employment Div. v. Smith*, 494

U.S. 872, 887 (1990)).  Rather, at the pleading stage, a plaintiff needs only to plausibly allege that

her actions were an "aspect" of her "religious observance and practice, as well as belief."  *Id.* at

1243 (quoting *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771-72 (2015)).

Plaintiff's religious beliefs are similar to those at issue in *Lucky*, where the plaintiff alleged

that the Covid vaccine would defile her body as a temple.  *Id*. at 1242.  Here, Plaintiff has alleged

specific religious objections to medical procedures, describing herself "in accordance with 1

Corinthians 3:16-17 & 6:19-20 as Temple of the Holy Spirit" that she cannot allow to be altered

or influenced.  Whether these beliefs constitute sincerely held religious convictions requires factual

development beyond the pleadings.  Like in *Lucky*, dismissal at this stage would prematurely

adjudicate the sincerity and religious nature of Plaintiff's beliefs.

C.    **THRA Claims**

The THRA prohibits employment discrimination based on religion.  (Tenn. Code Ann. §

4-21-401(a)(1)).  "The intent of the THRA is to provide for the execution within Tennessee of the

policies embodied in the federal civil rights statutes.  Accordingly, an analysis of claims under the

THRA is the same as under Title VII of the Federal Civil Rights Act." *Ritli v. Pizza Hut, Yum Yum*

*Brands, Inc.*, No. 2:13-CV-205, 2014 U.S. Dist. LEXIS 61641, at *9 (E.D. Tenn. May 5, 2014)

(quoting *Lynch v. City of Jellico*, 205 S.W.3d 384, 399 (Tenn. 2006)).  Because Plaintiff has stated

a plausible claim under Title VII, her THRA claim likewise survives dismissal.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 13) is **DENIED**.

Plaintiff has stated a plausible claim under Title VII and the THRA.

**IT IS SO ORDERED**, this 25th day of March, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
